```
                                        FILED
                                   U.S. DISTRICT COURT
                               EASTERN DISTRICT ARKANSAS

                                     MAR 26 2021

                               JAMES W. McCORMACK, CLERK
                               By:_____
                                                 DEP CLERK
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAYLOR WILLIS, Individually and on**                                 **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                No. 4:21-cv-239-BSM

**CONWAY REGIONAL MEDICAL CENTER, INC.**                        **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Taylor Willis ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Conway Regional Medical Center, Inc. ("Defendant"), she states and alleges as follows:

This case assigned to District Judge _Miller_
and to Magistrate Judge _Volpe_

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Faulkner County.

7. Defendant is a domestic, non-profit corporation.

8. Defendant's registered agent for service is Matthew Troup, at 2302 College Avenue, Conway, Arkansas 72034.

9. Defendant maintains a website in the ordinary course of its business at https://www.conwayregional.org/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as medical supplies.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211, and has been paid an hourly wage.

16. Defendant employed Plaintiff as an hourly-paid Ultrasound Technologist from January of 2020 until March of 2021.

17. Defendant also employed other hourly-paid Ultrasound Technologists within the three years preceding the filing of this lawsuit.

18. As an Ultrasound Technologist, Plaintiff was primarily responsible for performing ultrasounds and assisting with ultrasound techniques, performing non-invasive procedures, ordering supplies and assisting in writing the schedule.

19. Other Ultrasound Technologists had similar duties to Plaintiff.

20. At all relevant times herein, Defendant directly hired Plaintiff and other Ultrasound Technologists to work on its behalf, paid them wages and benefits, controlled

their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Plaintiff and other Ultrasound Technologists regularly worked hours for which they were not paid.

22. Defendant automatically deducted thirty minutes from Plaintiff's time each day for lunch.

23. However, Plaintiff's supervisor regularly directed her to work through lunch, or to take a short lunch (e.g., 5 or 10 minutes). Plaintiff estimates this happened approximately three times per week.

24. Upon information and belief, Defendant also deducted time from other Ultrasound Technologists' hours to account for lunch each day, whether or not a lunch was actually taken.

25. Because of Defendant's policy and practice of automatically deducting time from Plaintiff's and other Ultrasound Technologists' time for lunch, Plaintiff and other Ultrasound Technologists regularly worked hours for which they were not paid.

26. Plaintiff regularly worked over forty hours per week.

27. Plaintiff estimates she worked approximately 40 to 45 hours per week, with approximately 1 to 2 of these hours going unrecorded and uncompensated each week.

28. Upon information and belief, other Ultrasound Technologists had similar schedules as Plaintiff and regularly worked a similar number of hours each week as Plaintiff.

29. Because Plaintiff and other Ultrasound Technologists worked hours over forty which went unrecorded and uncompensated, Defendant failed to pay Plaintiff and

other Ultrasound Technologists a sufficient overtime premium for all hours worked over forty each week.

30. Defendant knew or should have known that Plaintiff and other Ultrasound Technologists were working additional hours off-the-clock for which they were not compensated.

31. At all relevant times herein, Defendant has deprived Plaintiff and other Ultrasound Technologists of regular wages and overtime compensation for all hours worked.

32. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

35. Plaintiff proposes the following class under the FLSA:

**All Ultrasound Technologists, or employees who had
the same or substantially similar duties to Ultrasound Technologists,
who received pay for work performed in any week in which
they worked over 39 hours in the past three years.**

36. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They had the same or substantially similar job duties;

    C.    They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit;

    D.    They were subject to Defendant's common policy and practice of auto-deducting time for lunch;

    E.    They were subject to Defendant's common policy and practice of requiring Ultrasound Technologists to work through lunches; and

    F.    They were subject to Defendant's common policy and practice of failing to pay Ultrasound Technologists for all hours worked.

39. Plaintiff is unable to state the exact number of the collective but believes that the class exceeds ten (10) persons.

40. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

41. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

42. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

48. Defendant failed to pay Plaintiff for all hours worked.

49. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

50. Defendant knew or should have known that its actions violated the FLSA.

51. Defendant's conduct and practices, as described above, were willful.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

59. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

60. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked.

61. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

62. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

63. Defendant knew or should have known that its actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violations)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

70. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

71. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

72. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

73. Defendant failed to pay Plaintiff for all hours worked.

74. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

75. Defendant knew or should have known that its practices violated the AMWA.

76. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Taylor Willis, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TAYLOR WILLIS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ April Rhéaume
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAYLOR WILLIS, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 4:21-cv-_____

**CONWAY REGIONAL MEDICAL CENTER, INC.**                 **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly Ultrasound Technologist for Conway Regional Medical Center, Inc., within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**TAYLOR WILLIS**
March 26, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Pkwy, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**